IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-01971-PAB

BALDAN BAZAROV,

     Petitioner,

v.

GEORGE VALDEZ, acting in his official capacity of the United States Immigration and Customs Enforcement Denver Field Office Director,
GEO GROUP, INC,
DAVID VENTURELLA, Acting Director of the Department of the U.S. Department of Immigrations and Customs Enforcement,
U.S. DEPARTMENT OF IMMIGRATION AND CUSTOMS ENFORCEMENT,
MARKWAYNE MULLIN in his official capacity as Secretary of the Department of Homeland Security,
THE DEPARTMENT OF HOMELAND SECURITY, and
TODD BLANCHE in his Official Capacity as Acting Attorney General of the United States of America,

     Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Baldan Bazarov's Petition for Writ of Habeas Corpus [Docket No. 1]. Respondents filed a response. Docket No. 18.

## I.  BACKGROUND[1]

Petitioner is a national of Russia who has resided in the United States since 2022. *See* Docket No. 1 at 5, ¶ 13. Petitioner requested asylum in the United States. *Id.*, ¶ 15. On June 16, 2022, petitioner was granted Humanitarian Parole, and he moved to New York. *Id.*, ¶ 16. In November 2022, petitioner applied for formal asylum, cancelation of removal, and relief under the Convention Against Torture. *Id.*, ¶ 17. In

---

[1] The following facts are undisputed unless otherwise noted.

2023, petitioner was granted employment authorization.  *Id.*  While petitioner was working as a truck driver in Sweetwater County, Wyoming, petitioner was stopped and detained by a deputy with the Sweetwater County Sheriff's Office.  *Id.* at 6, ¶ 23. Respondents transported petitioner from Sweetwater County Detention Center to the Denver Contract Detention Facility in Aurora, Colorado.  *Id.* at 8, ¶ 34.

On May 6, 2026, petitioner filed a Petition for Writ of Habeas Corpus.  *See generally id*.  Petitioner brings a claim for violations of his Fourth Amendment rights under the United States Constitution (Counts One and Two); the Administrative Procedure Act (Counts Three, Five, Six, and Seven); his Fifth Amendment procedural due process rights (Count Eight); and the Immigration and Nationality Act, 8 U.S.C. § 1226(a) (Count Nine).[2]  *See id.* at 19-26.  Among other forms of relief, petitioner requests a bond hearing in accordance with § 1226(a).  *See id.* at 26-27.

## II.  ANALYSIS

The parties disagree on whether petitioner's detention is governed by 8 U.S.C. § 1226 or 8 U.S.C. § 1225.  *Id.* at 15-19; Docket No. 18 at 1-6.  Petitioner contends that noncitizens, like petitioner, "who have been detained after a period in the country of at least two years and found in the interior of the country are entitled to a bond hearing under USC § 1226(a)."  Docket No. 1 at 16, ¶ 17.  Respondents, however, contend that 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens like petitioner who are present in the United States without being admitted.  Docket No. 18 at 1-6.  Respondents claim that petitioner is therefore not entitled to a bond hearing and is subject to mandatory detention.  *See id.*

---

[2] There is no Count Four asserted in the petition.  *See generally* Docket No. 1.

On many occasions, this Court has analyzed whether § 1225 or § 1226 applies to petitioners who were detained when already present in the United States without inspection and who face removal proceedings.  *See, e.g.*, *Moncada-Hernandez v. Trump*, No. 26-cv-00436-PAB, 2026 WL 472744, at *2-3 (D. Colo. Feb. 19, 2026); *De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, at *2 (D. Colo. Feb. 16, 2026); *Gabriel-Morales v. Bondi*, No. 26-cv-00392-PAB, 2026 WL 415597, at *2 (D. Colo. Feb. 13, 2026).  Each time, the Court has ruled that the petitioner's detention is governed by § 1226.  *Id.*

Respondents identify no reasons why this case differs from the previous cases the Court has already ruled on.  *See generally* Docket No. 18.  The Court finds no distinguishing material facts between this case and *Capote Zamora v. Mullin*, No. 26-cv-00538-PAB, 2026 WL 1026810, at *3 (D. Colo. Apr. 16, 2026).  Thus, the Court will grant the habeas petition for the same reasons it did in *Capote Zamora*.  Because there is no evidence that petitioner has been provided a bond hearing, his current detention violates § 1226(a).[3]  The Court will grant the habeas petition on Count Nine and will

---

[3] Because the Court will grant the habeas petition on the basis of Count Nine, it will not reach petitioner's remaining claims and requests for relief.  *See Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *8 (D. Colo. Oct. 22, 2025).  The Court will not consider petitioner's request for attorney's fees because petitioner fails to comply with the Local Rules of the District of Colorado.  *See* Docket No. 1 at 27.  A motion for attorney's fees must be filed in accordance with D.C.COLO.LCivR 54.3.  *See* D.C.COLO.LCivR 54.3 ("Unless otherwise ordered, a motion for attorney fees shall be supported by affidavit. . .  The Motion shall include . . . for each person for whom fees are claimed: (1) a summary of relevant qualifications and experience; and (2) a detailed description of the services rendered, the amount of time spent, the hourly rate charged, and the total amount claimed.").

order respondents to provide petitioner with a bond hearing within seven days of the date of this order.[4]

## III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner Baldan Bazarov's Petition for Writ of Habeas Corpus [Docket No. 1] is **GRANTED**.  It is further

**ORDERED** that, within **seven days** of the date of this Court's order, respondents shall provide petitioner with a bond hearing under 8 U.S.C. § 1226(a), where the government shall bear the burden of proving that petitioner's continued detention is justified.[5]  It is further

**ORDERED** that, within **five days** of petitioner's bond hearing, the parties shall file a status report indicating whether the bond hearing was held and whether bond was granted or denied.

DATED June 18, 2026.

BY THE COURT:

s/ Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[4] The Court finds that providing a bond hearing, rather than ordering petitioner's immediate release, is the proper remedy.  *See Loa Caballero*, 2025 WL 2977650, at *9 ("an immigration judge is better suited to consider whether Petitioner poses a flight risk and a danger to the community in this instance, where there is an insufficient record before this Court").

[5] "[T]he weight of authority in this District is clear: it is the Government's burden to justify a noncitizen's continued detention at a bond hearing."  *See Abanil v. Baltazar*, No. 25-cv-4029-WJM-STV, 2026 WL 100587, at *8 (D. Colo. Jan. 14, 2026) (internal quotation, alteration, and citation omitted) (collecting cases); *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607, at *4 (D. Colo. Oct. 31, 2025) ("the Court sides with the majority of courts in this District that have found that it is more appropriate for the government to bear the burden of proof in this context").